# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| BRUCE TIMOTHY JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV409-079 |
| SPENCER LAWTON, RUSSELL MABREY, JAMES E. BASS, CITY OF SAVANNAH, JOHN DOE, MIKE DOE, MIKE TABBORROK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

In *Jones v. Lawton*, CV408-187, this Court advised the district judge to dismiss inmate/plaintiff Bruce Timothy Jones's 42 U.S.C. § 1983 case without prejudice because he lied to this Court in his filing papers by misrepresenting his past filing history. *Id.* doc. 5. The district judge agreed and dismissed *Jones* without prejudice. *Id.* doc. 8, 9. Jones has simply re-filed the case with minor changes, this time attaching a sheet including his federal filing history. (Doc. 1 at 18-20.)

It is clear, however, that Jones has once again neglected to mention his entire filing history. Moreover, further research has revealed that

Jones is a 28 U.S.C. § 1915(g) three-striker who is barred from filing suit in federal court absent prepayment of the $350 filing fee or a showing of "imminent danger of serious physical injury."[1]

In *at least* three other cases Jones has incurred a strike as described in *Rivera v. McNeil*, 2009 WL 1154118 at * 2 (S.D.Fla. Apr. 24, 2009) (unpublished) (cataloguing § 1915(g) "strike" categories): *Jones v. Thomas*, No. CV692-097, doc. 7 (S.D. Ga. Aug. 13, 1992) (dismissed as lacking an arguable basis in law); *Jones v. Brady*, No. CV694-083, doc. 17 (S.D. Ga. Sep. 14, 1994) (case dismissed as frivolous and Rule 11 sanctions imposed upon Jones); *Jones v. Cullen*, No. CV 195-1221, doc. 5 (N.D.Ga. Dec. 5, 1995) (§ 1983 case dismissed "for want of prosecution"); *Jones v. Thompson*, No. CV695-063, doc. 9 (S.D. Ga. May 19, 1995) (§ 1983 complaint dismissed as frivolous); *Jones v. Satterfield*, No. CV195-

---

[1] As to § 1915(g)'s operation, the Eleventh Circuit has explained that

> [a]fter the third meritless suit [hence, three strikes] . . . a prisoner [litigant] must pay the full filing fee at the time he initiates suit [and thus may not proceed IFP]. The purpose of the [Prison Litigation Reform Act (PLRA)] is to curtail abusive prisoner litigation. The only exception to section 1915(g) is if the frequent filer prisoner is under imminent danger of serious physical injury.

*Skillern v. Paul*, 2006 WL 2826609 at * 1 (11th Cir. Oct. 4, 2006) (unpublished) (quotes and cite omitted).

1222, doc. 36 (N.D.Ga. Feb. 14, 1997) (§ 1983 appeal dismissed for want of prosecution); *Jones v. Strickland*, No. CV696-061, doc. 17 (S.D. Ga. Apr. 16, 1996) (§ 1983 complaint dismissed for failure to state a claim); *Jones v. Lawton*, No. CV408-187, doc. 5 (S.D.Ga. May 6, 2009) (dismissed for lying to this Court). Jones has not shown that he is in imminent danger of serious physical injury,[2] so he is not entitled to proceed without prepayment of the $350 filing fee required of all non-IFP litigants, including prisoners. Jones has indicated that he lacks such funds. (Doc. 2.) This case, therefore, should be **DISMISSED** for failure to pay the required filing fee.

**SO REPORTED AND RECOMMENDED** this 10th day of June, 2009.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Jones seeks damages and interest stemming from the state's improper confiscation of over $6,000 in property from him at the time of his arrest. (Doc. 1 at 5.) The state paid him on his claim in 2007. (*Id.* at 5.)